Moulton S. Dowler, Jr. (# 06083200)
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 900
San Antonio, TX 78212
Phone: 201-736-6600
Fax: 210-735-6889
mdowler@langleybanack.com

Gregory M. Hess (*pro hac* pending)
LaShel Shaw (*pro hac* pending)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Phone: 801-532-7840
Fax: 801-532-7750
ghess@parrbrown.com
lshaw@parrbrown.com

Attorneys for Plaintiff
ICON Health & Fitness, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ICON HEALTH & FITNESS, INC., | ) | Case No. 1:17-cv-356 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| RICHARD KELLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff ICON Health & Fitness, Inc. ("ICON") brings this action against Defendant

Richard Kelley ("Kelley") for injunctive relief and damages under the trademark laws of the

United States and for injunctive relief and damages under state and common law as follows:

## JURISDICTION AND VENUE

1.     This is an action under the Anticybersquatting Consumer Protection Act, 15 U.S.C. Section 1125(d), in connection with ICON's famous federally-registered IFIT trademarks, arising from Kelley's unauthorized registration, trafficking in, and/or use of the domain names iFitCoach.com, iFitnessCoach.com, and iFitCoachPlus.com, for infringement of ICON's famous, federally-registered IFIT Marks under Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. Section 1125(c), and for related claims under the statutory and common laws of the State of Texas, all arising from Kelley's unauthorized use of the mark IFIT in connection with the marketing, advertising, promotion, offering for sale, and sale of Kelley's fitness-related products.

2.     This court has jurisdiction over this action pursuant to 15 U.S.C. Section 1121, 28 U.S.C. Sections 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction set forth in 28 U.S.C. Section 1367.

3.     This court also has jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a), in that this action is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs

4.     Venue is proper under 28 U.S.C. Section 1391(b) in that Defendant resides in this district or has his regular and established place of business in this district, and/or a substantial part of the events or omissions giving rise to ICON's claims occurred in this district.

5.     The Court has personal jurisdiction over Defendant Kelley, who on information and belief resides in the State of Texas and has solicited and conducted business in the State of Texas thereby purposefully availing himself of the privilege of acting in the State of Texas.

## PARTIES

6.     ICON is, and at all relevant times was, a profit corporation duly organized and existing under the laws of the Delaware.  ICON maintains its principal place of business at 1500 South 1000 West, Logan, Utah 84321.

7.     On information and belief, Kelley is an individual who resides in the State of Texas, with a business address at 2416-B South Lamar Blvd., Austin Texas 78704.

## ICON'S IFIT® MARKS AND PRODUCTS

8.     ICON is one of the world's largest manufacturers of exercise and fitness equipment and sells exercise and fitness products and services throughout Asia, Europe, and North and South America, including throughout the United States.

9.     ICON brands, markets, and promotes its extensive array of exercise and fitness products under strong, well-known marks such as NordicTrack®, FreeMotion®, and Pro-Form®.

10.     ICON first conceived of its IFIT® and IFIT.com® marks in late 1996 or early 1997 as a means of developing, branding, and promoting additional goods and services that would complement its exercise and fitness products and provide users with additional, innovative resources to help them meet their personal exercise and fitness goals.

11.     In early 1999, ICON launched its revolutionary line of IFIT® and IFIT.com® fitness products. ICON created an online service at www.ifit.com (the "IFIT® Website") that provided users with personalized video and audio workouts led by certified personal trainers and the ability

to schedule one-on one videoconference sessions with personal trainers. The IFIT.com® workouts could be downloaded from, and later streamed on, the IFIT® Website.

12.     In addition, ICON developed and marketed a line of IFIT® and IFIT.com® branded exercise and fitness equipment, starting first with treadmills and then later adding exercise bikes and elliptical cross-trainers. These products allowed users to complete individualized IFIT.com® audio and video workouts using the equipment. The IFIT® and IFIT.com® marks complemented ICON's NordicTrack®, FreeMotion®, and Pro-Form® brands. ICON also sold IFIT® and IFIT.com® workout CDs and videotapes that could be used with IFIT® capable exercise and fitness equipment.

13.     Since launching its IFIT® and IFIT.com® product line in early 1999, ICON has consistently marketed, promoted, and built up the brand recognition and goodwill in its IFIT® and IFIT.com® marks through the continued development and provision of innovative services and technologies provided on the IFIT® Website and though ICON's continued development, improvement, and nationwide marketing, promotion, and sales of IFIT® and IFIT.com® branded, IFIT® capable, and IFIT® enabled products. These include IFIT® workout cards, additional IFIT® capable and enabled equipment, and additional features on the IFIT® Website, such as an IFIT® blog, an IFIT® forum, and a feature allowing IFIT® users to connect with friends.

14.     In June of 2010, ICON expanded its IFIT® product line to include interactive IFIT® mobile apps, which allow users to collect and store performance data from various fitness activities, display nutritional information and fitness and athletic programs and workouts, and plan, track, and monitor their fitness activities on their mobile devices. ICON's IFIT® mobile apps have greatly expanded the ability of users of the IFIT® Website and IFIT® and IFIT.com®

branded equipment to access and use IFIT® services and technologies. ICON also continued to update and improve the IFIT® Website, including the ability to track nutrition and weight loss.

15.    ICON subsequently launched its IFIT® line of fitness bands and clips, which enable users to record and track their daily physical activity and other data relating to their health and fitness, such as steps taken, distance traveled, calories burned, workout time, sleep patterns, and sleep time, and integrate that information with other IFIT® technologies and products to provide users with the ability to track, manage, monitor, analyze, and improve their overall health, fitness, and nutrition. Later, ICON introduced its revolutionary Altra IQ powered by iFit® running shoe, which uses a razor thin set of sensors integrated with IFIT® technology to provide wearers personalized analysis and real-time coaching to help optimize their walking and running form.

16.    With all of these developments and innovations, the functionality of the IFIT® Website and IFIT® mobile apps has continued to grow and has been refined over the years to provide integrated IFIT® and iFit.com® services and technologies that allow users of IFIT® fitness bands and watches, IFIT® enabled shoes, and IFIT® capable and IFIT® enabled exercise and fitness equipment to create interactive and custom exercise routines and workouts (including workouts that are integrated with Google maps technology that enables users to experience simulated fitness and exercise workouts in locations all over the world), track and analyze their workouts, select training programs, receive personal training, track their nutrition and weight loss, set personal health, fitness, and nutrition goals, and otherwise manage their activities and lifestyles.

17.    ICON has extensively marketed, promoted, and built up the brand recognition and goodwill in its IFIT® and IFIT.com® marks in many ways, including television commercials,

Internet marketing, email marketing, social media initiatives, and co-op programs, which provide funds and discounts to retailers to do their own individualized advertising.

18. For example, ICON has blanketed the homes of millions upon millions of people across the United States with television commercials for IFIT® branded products, including commercials running on every major television network (ABC, CBS, and NBC) and on numerous popular satellite and cable TV channels, including the following:

A&E
ABC Daytime
ABC News
ABC Sports
Animal Planet
BET
Bravo
Boomerang
CBS Daytime
CBS Sports
Centric
Chiller
Cloo
CNBC
CNN
Cooking Channel
Cozi TV
the Crime & Investigation Network
Discovery Channel
Discovery Family Channel
Discovery Science Channel
DIY Network
E!
El Rey Network
Escape
ESPN
ESPN2
ESPN News
Esquire
FETV
Food Network
Fox Business

-6-

Fox News
Freeform (formerly ABC Family Network)
FYI Network
FX
FXX
Golf Channel
Hallmark Channel
Hallmark Movies & Mysteries
HGTV (Home & Garden Television)
History Channel
HLN Channel (formerly Headline News)
Investigation Discovery Channel
Independent Film Channel
Inside Edition
Justice Network
Lifetime
Lifetime Movie Network
Lifetime Real Women
Logo TV
MAVTV
MeTV
Movies!
MSNBC
MTV Classic
MTV Hits
MTV Live
NBA TV
NBC
NBC Sports
NBC News
NFL Network
Nickelodeon
OWN
Oxygen
POP
SEC Network
Smithsonian Channel
Sundance Channel
SyFy
TBS
Tennis Channel
The Band - News
The Band – Women
This TV

TLC
TNT
Travel Channel
Tru TV
TV Land
Universal Sports
USA
VH1
Velocity
Viceland
WGN America
Z Living.

19.    Television commercials have also run on various stations during popular programs such as Dr. Phil, Mike & Molly, Rachael Ray, Seinfeld, The Closer, The Mentalist, Anger Management, and Access Hollywood. ICON's advertising has also included packages of television commercials on demographically-focused programming (adults, females, males, lifestyle, and sports) on Direct TV. In fact, ICON has targeted every, or nearly every, major demographic group in the United States with numerous television commercials for IFIT® branded products. Also, IFIT® branded products have been advertised in newspapers in major metropolitan areas.

20.    In addition, IFIT® branded products have been made widely available for purchase across the United States. For example, retailers such as Walmart, Sears, Academy Sports, Sports Authority, Kmart, and Dick's Sporting Goods have advertised and sold IFIT® branded products.

21.    Moreover, IFIT® branded products are advertised and available for purchase from the nation's top two online retailers – Amazon.com and Walmart.com, as well as six of the other top 25 online retail stores in the United States – The Home Depo, QVC, Costco Wholesale, Sears, HSN, Groupon, and Overstock.com.

22.    ICON is the owner of five relevant valid and subsisting U.S. Trademark Registrations on the Principal Register in the U.S. Patent and Trademark Office ("PTO"):

| Mark | No. | Date Issued | Goods & Services |
|------|-----|-------------|------------------|
| IFIT.COM | 2,466,474 | 4/03/2001 | Providing information and consultation services in the field of exercise equipment and personal health, fitness and nutrition by means of a global computer network |
| IFIT | 2,618,509 | 9/10/2002 | Educational services, namely, conducting personal training in the field of health and fitness; Fitness and exercise machines |
| IFIT | 4,450,213 | 12/17/2013 | Personal fitness training services and consultancy; Physical fitness instruction; Physical fitness training services; Providing an on-line computer database featuring information regarding exercise and fitness; Providing information in the field of exercise training |
| IFIT | 4,500,591 | 3/25/2014 | An application service provider (ASP) featuring software for use with mobile devices, tablet, and computers for tracking, storing, and displaying personal performance data for various fitness activities; ASP featuring application programming interface (API) software for connecting and interacting with software applications on mobile devices, tablets, and computers to track, store, and display personal performance data for various fitness activities |
| IFIT | 4,604,633 | 9/16/2014 | Web-based, downloadable software for the collection, storage and display of personal performance data from various fitness activities, display of nutritional information and fitness and athletic programs and workouts, software for tracking, monitoring and planning fitness training activities |

Collectively these five marks shall be referred to herein as the "IFIT Marks."

23.     ICON has used the mark protected by U.S. Trademark Registration No. 2,466,474 (the "'474 IFIT Registration") in interstate commerce in the United States continuously since at least February 1999 in connection with the provision, sale, marketing, advertising, and promotion of information and consultation services in the field of exercise equipment and personal health, fitness and nutrition by means of a global computer network. Attached as Exhibit A is a true and correct

printout of the PTO's information about U.S. Trademark Registration No. 2,466,474, which was issued by the PTO on July 3, 2001.

24.    ICON has used the mark protected by U.S. Trademark Registration No. 2,618,509 (the "'509 IFIT Registration") in interstate commerce in the United States continuously since at least February 1999 in connection with the provision, sale, marketing, advertising, and promotion of educational services, namely, conducting personal training in the field of health and fitness and in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of fitness and exercise machines.  Attached as Exhibit B is a true and correct printout of the PTO's information about U.S. Trademark Registration No. 2,466,474, which was issued by the PTO on September 10, 2002.

25.    ICON has used the mark protected by U.S. Trademark Registration No. 4,450,213 in interstate commerce in the United States continuously since at least October 1, 2010 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of personal fitness training services and consultancy, physical fitness instruction, physical fitness training services, an on-line computer database featuring information regarding exercise and fitness, and information in the field of exercise training.  Attached as Exhibit C is a true and correct printout of the PTO's information about U.S. Trademark Registration No. 4,450,213, which was issued by the PTO on December 17, 2013.

26.    ICON has used the mark protected by U.S. Trademark Registration No. 4,500,591 in interstate commerce in the United States continuously since at least June 4, 2012 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of an application service provider (ASP) featuring software for use with mobile devices,

tablet, and computers for tracking, storing, and displaying personal performance data for various fitness activities and ASP featuring application programming interface (API) software for connecting and interacting with software applications on mobile devices, tablets, and computers to track, store, and display personal performance data for various fitness activities. Attached as Exhibit D is a true and correct printout of the PTO's information about U.S. Trademark Registration No. 4,500,591, which was issued by the PTO on March 25, 2014.

27.     ICON has used the mark protected by U.S. Trademark Registration No. 4,604,633 in interstate commerce in the United States continuously since at least June 6, 2010 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising, and promotion of web-based, downloadable software for the collection, storage and display of personal performance data from various fitness activities, display of nutritional information and fitness and athletic programs and workouts, software for tracking, monitoring and planning fitness training activities. Attached as Exhibit E is a true and correct printout of the PTO's information about U.S. Trademark Registration No. 4,604,633, which was issued by the PTO on September 16, 2014.

28.     As a result of its widespread and continuous use of the IFIT Marks to identify its goods and services with ICON as their source, ICON owns valid and subsisting federal statutory and common law rights to the IFIT Marks.

29.     The IFIT Marks are distinctive to both the consuming public and within the exercise and fitness industry, both throughout the United States and in Texas.

30.     ICON has expended substantial time, money, and resources in marketing, advertising, and promoting the goods and services offered under the IFIT Marks, including,

among other things, television, radio, newspaper, magazine, internet, social media, and other media.

31.     ICON's promotional efforts have led to ICON's patrons, potential patrons, and the general public coming to know and recognize the IFIT Marks and associate them with ICON and its goods and services.  ICON has therefore built up extensive, valuable goodwill in the IFIT Marks.

32.     As a result of their distinctiveness and widespread use and promotion throughout the United States, the IFIT Marks are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c) and the Texas Business & Commercial Code Section 13.103.

33.     ICON operates various websites, including the website at ifit.com, to advertise its goods and services and to provide information about the products associated with the IFIT Marks.

**<u>DEFENDANT'S WRONGFUL CONDUCT</u>**

34.     On information and belief, Kelley originally registered the domain name iFitCoach.com on September 11, 2005.  Attached as Exhibit F is a true and correct copy of the GoDaddy.com WHOIS record for the domain name iFitCoach.com.

35.     On information and belief, Kelley also originally registered the domain name iFitnessCoach.com on September 11, 2005.  Attached as Exhibit G is a true and correct copy of the GoDaddy.com WHOIS record for the domain name iFitnessCoach.com.

36.     ICON did not authorize Kelley to register or use the domain name iFitCoach.com iFitnessCoach.com, or iFitCoachPlus.com, and he has no affiliation with ICON.

37.     The website located at the internet address www.iFitCoach.com (the "iFitCoach Website") uses the mark iFitCoach.com and contains various ads through which Kelley promotes the sale of books he has written on the topics of fitness, exercise, and nutrition.

38.     The website located at the internet address www.iFitnessCoach.com (the "iFitnessCoach Website") uses the mark iFitnessCoach.com and also contains various ads through which Kelley promotes the sale of books he has written on the topics of exercise, fitness, and nutrition.

39.     On or about October 4, 2016, ICON contacted Kelley by email and inquired about ICON's possible purchase of the iFitCoach.com domain name.

40.     On October 4, 2016, Kelley responded, in pertinent part "iFitCoach.com has not been considered for sale, though I do receive regular inquiries regarding it. I'm a physician/fitness author and entrepreneur, so this domain has been used to promote my fitness endeavors. At this moment, it is no live on the web, as I'm revamping websites and working towards a mobile app. I have considered the possibility of a licensing arrangement with the right company, as the future strength/ possibilities of this particular domain in the rights, is undeniable. Though again, I have not entertained the idea of an outright sale. Regardless, I'm open to hearing your thoughts."

41.     On or about October 6, 2016, ICON emailed Kelley again and informed him that ICON "is the fitness leader in exercise equipment," that it owns the iFit brand, and that ICON was interested in using the iFitCoach.com domain for ICON's iFit brand. ICON offered to purchase the iFitCoach.com domain name from Kelley for $1,000.

42.     On October 6, 2016, Kelley responded to ICON as follows: "I appreciate your companies' offer, but unfortunately, it doesn't realistically approach the value this particular

domain holds for me. As trademarks for my personal business over the past decade, both iFitCoach and iFitnessCoach have been instrumental in promoting both my writing and work in the field of health and fitness.  As such, I can't at this time justify the loss. Also, I'm sure you're aware that Apple periodically purchases desirable 'i-Domains' depending on trends in their business. Consequently, I would lean towards a licensing arrangement, were I to stop using the domains for my own business.  I will certainly keep your contact information for future reference and I wish your company continued success for the future."

43.    On information and belief, on January 8, 2017, Kelley registered the domain name iFitCoachPlus.com. Attached as Exhibit H is a true and correct copy of the GoDaddy.com WHOIS record for the domain name iFitCoach.com.

44.    On information and belief, on January 16, 2017, Kelley filed an application in the United States Patent and Trademark Office to register the mark "iFitCoach" for "Educational services, namely, providing online instruction in the field of fitness and nutrition via an online website; Providing a website featuring information on exercise and fitness; Providing a website featuring non-downloadable publications in the nature of books, e-books, DVDs, audio-books, and internet-based coaching in the field of fitness and nutrition; Providing an interactive website featuring information and links relating to fitness." A true and correct copy of the application, Serial No.  87303294, is attached hereto as Exhibit I (the "iFitCoach Application").

45.    Since being informed in October of 2016 of ICON's ownership of the iFit brand for fitness-related goods, Kelley has continued to use the iFitCoach.com and iFitnessCoach.com domain names and marks to promote his fitness, nutrition, and exercise-related products.

46.     On March 29, 2017, Mr. Sanjeev Kumar ("Kumar"), an attorney, sent an email to Tracy Cox ("Cox"), the I.T. Ecommerce Manager of ICON, on the subject "ifitcoach.com." In that email, Kumar stated that he was representing Kelley, "who was approached by you a few months back with an offer to purchase a domain name he owns. Please see the attachment and get back to me with [sic] at your earliest convenience." A true and correct copy of the March 29, 2017 email and the attachment that was sent with it are attached hereto as Exhibit J.

47.     The attachment was a letter from Kumar addressed to Cox with the subject line "RE: Web domain www.ifitcoach.com." The letter stated, in part: "Our client has informed us that you approached him in the past few months with a desire to purchase the aforementioned web domain. At the time of that contact, Mr. Kelly was not prepared to enter into a buy-sell transaction. Mr. Kelley is now ready to consider a sale of the domain and has retained us to advise him in the transaction."

48.     A telephone call was subsequently scheduled between Kumar and Cox and took place on April 10, 2017. During the telephone call, Kumar provided Cox some information on the number of wearable activity trackers being sold and told Cox that the ifitcoach.com domain name owned by his client should be valued in the "hundreds of thousands of dollars." Kumar offered on behalf of Kelley to sell the ifitcoach.com domain name to ICON for $200,000. Kumar also told Cox that Kelley had registered the domain name ifitcoachplus.com and would like to include it in a packaged deal and that Kelley was ready to start offering the domain names for sale to other companies.

49.     On information and belief, Kumar knew at the time of the April 17, 2017 telephone call that ICON was selling iFIT branded wearable activity trackers and that ICON owned one or more United States Trademark Registrations for the IFIT and/or iFIT.com marks.

50.     Kelley's use of the iFitCoach.com and iFitnessCoach.com domain names and marks is likely to cause confusion as to the source or sponsorship of those domain names and the iFitCoach and iFitnessCoach Websites.  Customers are likely to be confused into thinking that Kelley's goods and services originate from, are associated or affiliated with, or are otherwise authorized by ICON.

51.     Kelley's use of the iFitCoach.com and iFitnessCoach.com domain names and marks promotes Kelley's goods and services through the use of the internet and, on information and belief, other targeted advertising, which are among the same promotional trade channels used by ICON.

52.     Kelley's use of the iFitCoach.com and iFitnessCoach.com domain names and marks promotes Kelley's goods and services to individuals interested in nutrition and in exercise and fitness activities, which consumers are the same types of consumers interested in ICON's IFIT® and IFIT.com® goods and services.

53.     For these reasons, Kelley's use of the iFitCoach.com and iFitnessCoach.com domain names and marks constitutes trademark infringement and the use of false designations of origin.

54.     Also, because of the strong similarity in appearance, sound, connotation, and commercial impression of the iFitCoach.com and iFitnessCoach.com domain names and marks to the IFIT Marks, and the close relation between ICON's IFIT goods and services and the types

of goods that Kelley offers at the iFitCoach and iFitnessCoach.com Websites, Kelley's use of the domain names and marks is likely to dilute the strength of the IFIT Marks by blurring.

55.     On information and belief, ICON has suffered damages, and Kelley has earned illegal profits, in an amount to be proven at trial, as the result of the aforementioned acts.

56.     Kelley has adopted and used and/or continued to use the iFitCoach.com and iFitnessCoach.com domain names and marks willfully and maliciously and/or with knowing and reckless indifference toward, and a disregard of, the rights of ICON to the IFIT Marks.  ICON is therefore entitled to recover punitive damages from Defendant in amounts to be determined at trial.

57.     In addition, unless restrained and enjoined by this Court, Defendant's conduct will cause irreparable harm to ICON, for which ICON has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF
**(Cyberpiracy: Violations of the Anticybersquatting Consumer
Protection Act – 15 U.S.C. §1125(d)(1))**

58.     ICON realleges and incorporates by reference herein each of the foregoing paragraphs as if fully set forth herein.

59.     Kelley has a bad-faith intent, and has acted with a bad-faith intent, to profit from the IFIT Marks and the iFitCoach.com, iFitnessCoach.com, and iFitCoachPlus.com domain names.

60.     In addition, Kelley has registered, trafficked in, and/or used the iFitCoach.com, iFitnessCoach.com, and/or iFitCoachPlus.com domain names.

61.     ICON's IFIT Marks are strong and inherently distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.  The ICON Marks are famous within the meaning of Section 43(c) of the Lanham Act.

62.     The Marks in the '474 IFIT Registration and '509 IFIT Registration were distinctive at the time when Kelley registered the iFitCoach.com, iFitnessCoach.com, and iFitCoachPlus.com domain names.  The iFitCoach.com, iFitnessCoach.com, and iFitCoachPlus domain names are confusingly similar to the IFIT Marks, including the Marks in the '474 IFIT Registration and '509 IFIT Registration.

63.     The Marks in the '474 IFIT Registration and '509 IFIT Registration were famous at the time when Kelley registered the iFitCoach.com, iFitnessCoach.com, and iFitCoachPlus.com domain names.  The iFitCoach.com, iFitnessCoach.com, and iFitCoachPlus.com domain names are confusingly similar to and/or dilutive of the IFIT Marks, including the Marks in the '474 IFIT Registration and '509 IFIT Registration.

64.     Kelley's bad faith intent is evidenced by, among other things, the following:

A.     Kelley lacks any legitimate trademark or other intellectual property rights in the iFitCoach.com, iFitnessCoach.com, iFitCoachPlus.com domain names;

B.     The iFitCoach.com, iFitnessCoach.com, and iFitCoachPlus.com domain names do not consist of Kelley's legal name or a name otherwise commonly used to identify him;

C.     Kelley has made commercial use of the iFitCoach.com and iFitnessCoach.com domain names in order to sell fitness, nutrition, and exercise-related products;

-18-

D.   Kelley has continued to use the iFitCoach.com and iFitnessCoach.com domain names and to promote his products on the iFitCoach and iFitnessCoach Websites after learning of ICON's rights in the IFIT mark.

E.   Kelley's intent, at a minimum since he learned of ICON's ownership of the iFit brand for fitness-related goods and services, has been to divert customers from ICON's online locations to sites accessible under the iFitCoach.com and iFitnessCoach.com domain names that could harm the goodwill represented by the IFIT Marks, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the iFitCoach and iFitnessCoach Websites;

F.   Kelley registered the iFitCoachPlus.com domain name after ICON had already informed him of ICON's ownership of the iFit brand for fitness-related products.

G.   Kelley filed the iFitCoach Application for services directly related and/or identical to ICON's IFIT goods and services, after ICON had already informed him of ICON's ownership of the iFit brand for fitness-related products;

H.   Kelley offered to sell the iFitCoach.com domain name to ICON, after ICON had already informed him of ICON's ownership of the iFit brand for fitness-related products;

I.   Kelley offered to sell the iFitCoach.com domain name to ICON for the extortionary amount of $200,000; and

J.   Kelley has threatened to offer the iFitCoach.com and iFitCoachPlus.com for sale to other parties if ICON does not buy them.

65.   Kelley's actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

66.     Kelley's actions set forth above have damages, and will continue to damage, ICON irreparably.  Such damages include, without limitation, harm to the value of the ICON Marks and the goodwill associated therewith, which money cannot compensate. ICON has no adequate remedy at law for those damages.

67.     ICON is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Kelley and his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from using the iFitCoach.com domain name or any variant thereof at any time in the past or future.

68.     Pursuant to 15 U.S.C. § 1125(d)(1)(C), ICON is entitled to an order and injunction immediately transferring the iFitCoach.com, iFitnessCoach.com, and iFitCoachPlus.com domain names to ICON, at Kelley's cost.

69.     ICON further requests that the Court order Kelley to remove the iFitCoach and iFitnessCoach Websites from the Internet and to refrain from using those Websites.

70.     Kelley's acts of cyberpiracy are, and have been, willful.

71.     ICON is entitled to recover Kelley's profits and three times ICON's damages, as well as its reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1117(a) and 1125(d)(1).

72.     As an alternative to Kelley's profits and ICON's actual damage, ICON is entitled to recover statutory damages in an amount not less than $100,000, pursuant to 15 U.S.C. § 1117(d).

## SECOND CLAIM FOR RELIEF
### (Infringement of ICON's Registered IFIT®
### Trademarks – 15 U.S.C. § 1114(1)/ Lanham Act §32(1))

73.     ICON realleges and incorporates by reference herein each of the foregoing paragraphs as if fully set forth herein.

74.     Kelley's unauthorized use in commerce of the iFitCoach.com and iFitnessCoach.com domain names and marks as described herein is likely to cause confusion, mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

75.     Kelley has committed the foregoing acts of infringement with full knowledge of ICON's prior rights in the IFIT Marks and with the willful intent to cause confusion and trade on ICON's goodwill.

76.     Kelley's conduct is causing immediate and irreparable harm and injury to ICON, and to its goodwill and reputation, and will continue to both damage ICON and confuse the public unless enjoined by this court. ICON has no adequate remedy at law.

77.     ICON is entitled to, among other relief, injunctive relief and an award of actual damages, Kelley's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition/False Designation
of Origin/False Advertising – 15 U.S.C. § 1125(a)/ Lanham Act §43(a))

78.     ICON realleges and incorporates by reference herein each of the foregoing paragraphs as if fully set forth herein.

79.     Kelley's unauthorized use in commerce of the iFitCoach.com domain name as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

80.     Kelley's conduct as alleged herein is willful and is intended and likely to cause confusion, mistake or deception as to the affiliation, connection or association of Kelley with ICON and/or may cause reverse confusion with ICON.

81.     Kelley's conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of Kelley's fitness-related goods and services.

82.     Kelley's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

83.     Kelley's conduct as alleged herein is causing immediate and irreparable harm and injury to ICON, and to its goodwill and reputation, and will continue to both damage ICON and confuse the public unless enjoined by this court. ICON has no adequate remedy at law.

84.     ICON is entitled to, among other relief, injunctive relief and an award of actual damages, Kelley's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**
**(Trademark Dilution – 15 U.S.C. § 1125(c)/Lanham Act §43(c))**

85.     ICON realleges and incorporates by reference herein each of the foregoing paragraphs as if fully set forth herein.

86.     The IFIT Mark is a strong and inherently distinctive mark that have been in use for many years and has achieved enormous and widespread public recognition.  The IFIT Marks are famous within the meaning of Section 43(c) of the Lanham Act.

87.     Kelley's marketing, promotion, and provision of goods under marks that are confusingly similar to and constitute reproductions of the IFIT Marks, without authorization from ICON, is diluting the distinctive quality of the IFIT Marks by decreasing the capacity of such marks to identify and distinguish ICON's products (blurring).

88.     Kelley has intentionally and willfully diluted the distinctive quality of ICON's IFIT Marks in violation of Section 43(c) of the Lanham Act.

89.     Upon information and belief, Kelley has made and will continue to make substantial profits and gains to which he is not entitled in law or equity.

90.     Upon information and belief, Kelley intends to continue his infringing acts unless otherwise restrained by this Court.

91.     Kelley's acts have caused damage and will continue to cause damage to ICON, and ICON has no adequate remedy at law

92.     ICON is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

-23-

**FIFTH CLAIM FOR RELIEF**
**(Texas Trademark Infringement)**

93.     ICON realleges and incorporates by reference herein each of the foregoing paragraphs as if fully set forth herein.

94.     The IFIT Marks are famous and distinctive throughout Texas, are widely recognized by the public throughout Texas.  ICON has advertised and sold goods and services under the IFIT Marks throughout Texas for at least the past eighteen years.

95.     Kelley's marketing, use, and sale of goods and services through a domain name that is confusingly similar to and constitute a reproduction of ICON's IFIT Marks is likely to cause dilution of ICON's IFIT Marks.

96.     Such dilution was and is willfully intended.

97.     ICON is entitled to, among other relief, injunctive relief and money damages in the amount of three times the amount of Kelley's profits and ICON's damages, as well as reasonable attorneys' fees and costs of the action under Section 16.103 of the Texas Business and Commercial Code.

**SIXTH CLAIM FOR RELIEF**
**(Common Law Palming Off)**

98.     ICON realleges and incorporates by reference herein each of the foregoing paragraphs of this Claims as if fully set forth herein.

99.     ICON's IFIT Marks have acquired secondary meaning through usage and are widely recognized throughout Texas as referencing ICON's products.

100.     Kelley's iFitCoach.com domain name is sufficiently similar to ICON'S IFIT Marks as to confuse the public.

101.    Kelley's use of the iFitCoach.com domain name is intended to derive a benefit, in selling Kelley's own goods, from the reputation and goodwill of ICON by creating confusion as to the relationship between ICON and Kelley.

102.    As such, ICON is entitled to damages and injunctive relief pursuant to Texas law.

## PRAYER FOR RELIEF

WHEREFORE, ICON demands that judgment be entered in its favor and jointly and severally against Kelley as follows:

A.    That Kelley has violated the Lanham Act, Anticybersquatting Consumer Protection Act, state law, and the common law as alleged herein;

B.    Granting an injunction preliminarily and permanently restraining and enjoining Kelley and his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from using the iFitCoach.com, iFitnessCoach.com, and/or iFitCoachPlus.com domain names or any variants thereof at any time in the past or the future;

C.    That the iFitCoach.com, iFitnessCoach.com, and iFitCoachPlus.com domain names be immediately transferred to ICON, at Kelley's cost;

D.    For an award of Kelley's profits and ICON's damages in an amount to be proven at trial;

E.    For an award of Defendant's profits and ICON's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 *U.S.C.* § 1125(a);

F.      For restitution in an amount to be proven at trial for unfair and illegal business practices;

G.      For damages to be proven at trial for unfair competition pursuant to Texas Business and Commercial Code § 16.103 and/or the common law, including but not limited to, treble damages;

H.      Granting an injunction permanently enjoining Kelley and his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

1.      selling, marketing, advertising, promoting or authorizing any third party to sell, market, advertise or promote Kelley's goods or services through use of the iFitCoach.com domain name or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of ICON's IFIT Marks;

2.      engaging in any activity that infringes ICON's rights in its IFIT Marks;

3.      engaging in any activity constituting unfair competition with ICON;

4.      engaging in any activity that is likely to dilute the distinctiveness of ICON's IFIT Marks;

5.      making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with ICON  or (ii) ICON's goods and

services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant;

6.      using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with ICON or tend to do so;

7.      registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the Infringing Marks or any other mark that infringes or is likely to be confused with ICON'S IFIT Marks, or any goods or services of ICON, or ICON as their source; and

8.      aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (1) through (7).

I.      For an order from the Court requiring that Kelley provide complete accountings and for equitable relief, including that Kelley disgorge and return or pay his ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Kelley complied with his legal obligations, or as equity requires;

J.      For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Kelley's possession which rightfully belong to ICON;

K.      For damages in an amount to be proven at trial for unjust enrichment.

-27-

L.    For an award of exemplary or punitive damages in an amount to be determined by the Court;

M.    For ICON's reasonable attorneys' fees;

N.    For all costs of suit;

O.    For such other and further relief as the Court may deem just and equitable.

## **JURY DEMAND**

ICON hereby demands a trial by jury on all issues triable to a jury as a matter of right.

Dated: April 18, 2017            Attorneys for Plaintiff

By: /s/ Moulton S. Dowler, Jr.

Gregory M. Hess
LaShel Shaw
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Telephone: 801-532-7840
ghess@parrbrown.com
lshaw@parrbrown.com

Moulton S. Dowler, Jr. (# 06083200)
LANGLEY & BANACK, INC.
745 East Mulberry Avenue, Suite 900
San Antonio, TX 78212
Phone: 201-736-6600
Fax: 210-735-6889
mdowler@langleybanack.com